# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ROBERT A. CHURCH,**

        **Plaintiff,**

-vs-                                         **Case No. 6:10-cv-1100-Orl-22DAB**

**CONRAD YELVINGTON
DISTRIBUTORS, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT AND FOR DISMISSAL (Doc. No. 29)**
>
> **FILED:**      **November 8, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part**.

Following a successful mediation in this Fair Labor Standards Act ("FLSA") case, the parties filed the instant motion with the settlement documents, and the Court referred the matter to the undersigned to perform a fairness review (Doc. Nos. 29-31). *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against

their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id*. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Applied here, according to the papers, Plaintiff was employed as a locomotive mechanic. Defendant claimed that Plaintiff was appropriately classified as exempt from the FLSA's overtime provisions, while Plaintiff asserted that he was misclassified, and owed approximately $37,623.17 for 876.5 hours of unpaid overtime, plus liquidated damages in the same amount, and attorneys fees and costs (Doc. No. 19-3). The parties agreed to a settlement that provided that Plaintiff would receive $5,318.88 for alleged unpaid wages, $5,318.88 for liquidated damages, $16,862.25 "as consideration for a general release of any and all claims Plaintiff may have against Defendant," and Plaintiff's counsel would receive $2,500.00 in attorney's fees. According to the motion, the strength of the affirmative defenses and recognition that Plaintiff was, at best, entitled to only a half-time rate on a

fluctuating work week, led to settlement. The parties contend that this settlement is fair and reasonable under these circumstances and, upon review, the Court concurs, in part.

The Court accepts that the exemption issue, the fluctuating hours actually worked, and the belated recognition that only half-time was recoverable under the best case scenario counseled the settlement of the FLSA claim for amounts which are far less than originally sought. With respect to the general release amount to Plaintiff, however, it is not clear from the agreement or the motion what "other" damages were claimed, sufficient to warrant the hefty payment. The Court notes that the instant complaint asserted no non-FLSA claim and the parties do not detail the particulars. Absent any information regarding the amount of that claim or potential claim, the Court cannot evaluate whether the $16,862.25 payment for release is reasonable. That said, to the extent this amount is for release of *non*-FLSA claims, it is extraneous to the matters under review here and need not be approved by the Court. Thus, the Court recommends approval of the settlement, to the extent it purports to settle the FLSA claim, but makes no finding with respect to any other claim settled.

As for the attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The Eleventh Circuit Court of Appeals has recently clarified this holding to make clear, however, that "[t]he FLSA plainly requires that the plaintiff receive a *judgment* in his favor to be entitled to attorney's fees and costs." *Dionne v. Floormasters Enterprises, Inc*., 647 F.3d 1109, 1115 (11th Cir. 2011) (emphasis added – affirming decision denying attorney's fees where court granted motion to

dismiss after defendant denied liability but tendered full payment of alleged damages to resolve case and render it moot). As the impact of *Dionne* has yet to be determined, and as the instant motion presents the fee as part of a stipulated settlement with both sides urging approval, the Court reviews the fee under the traditional FLSA analysis.

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed. Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case).

As noted above, Defendant has agreed to pay $2,500.00 for Plaintiff's attorneys' fees. The parties have not tendered a timesheet or affidavit setting forth the hours and rates charged, relying on *Bonetti v. Embarq Mgmt. Co.,* 715 F.Supp. 2d 1222 (M.D. Fla. 2009) as authority for the proposition that there is no need to scrutinize the fee where the parties, as here, negotiated the fee separately from the amounts paid to Plaintiff. Although *Bonetti* is not binding and has not been universally followed in this district, the Court is nonetheless persuaded that the amount of attorney's fees to be paid under the settlement is reasonable on its face for litigating an FLSA claim through successful mediation.[1] As long as counsel does not seek to recover anything further from Plaintiff, the recovery is not compromised by the fee agreement and the Court sees no reason to review it further.

---

[1] At the rates of $200-250 per hour customarily awarded for FLSA work, for example, such an award would constitute only 10-15 hours of attorney time. At a higher rate, of course, the settlement would represent fewer hours. Moreover, it is assumed that the amount also includes costs. By any measure, the agreed-to fee is not excessive.

For the reasons stated, the Court finds the settlement to be a fair and reasonable resolution of bona fide FLSA issues and therefore **recommends** that the motion be **granted, and the settlement be approved as to the FLSA claim only**, and that the complaint be dismissed, as requested.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 10, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy